IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TEACHERS INSURANCE COMPANY,

        Plaintiff,

v.                                       CIVIL ACTION NO.   2:11-cv-00397

CLARENCE O. PRATHER, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Gloria Walker's Motion to Set Aside Default Judgment and for Leave to File a Later Answer and Counter Claim [Docket 14] and the plaintiff's Motion for Entry of Default Judgment [Docket 20].  For the reasons provided below, the defendant's Motion to Set Aside the Default [Docket 14] is **GRANTED** and the plaintiff's Motion for Entry of Default Judgment [Docket 20] is **DENIED**.

**I.**     **Background**

On January 30, 2003, Teachers Insurance Policy 47-67265160 was issued to insure a 2001 Ford Escort owned by Clarence and Pamela Prather ("the Prathers").  The policy provided coverage with bodily injury liability limits of $25,000 per person and $50,000 per occurrence.

On June 23, 2010, defendant Gloria Walker was involved in a motor vehicle accident with an uninsured motorist while in the Prathers' insured vehicle.  West Virginia Code § 33-6-31(b) requires insurance companies to make a commercially reasonable offer of uninsured motorist coverage with policy limits of $100,000 per person and $300,000 per occurrence.  Walker

contends that Teachers Insurance did not make such an offer, and that she is therefore entitled by statute to uninsured motorist coverage of at least $100,000. Teachers Insurance, however, maintains that it made an effective offer of uninsured motorist coverage in compliance with the statute and that the Prathers elected uninsured motorist coverage with limits of $25,000 per person and $50,000 per occurrence.

In response to Walker's contentions, Teachers Insurance filed suit against Walker and the Prathers on June 3, 2011. The plaintiff seeks a declaratory judgment declaring, among other things, that the uninsured motorist policy limit for the policy in question was no more than $25,000 per person and $50,000 per occurrence.

Each of the named defendants was served with a copy of the complaint on June 30, 2011. None of the defendants filed an answer or made an appearance to defend themselves within the 21 days proscribed by Rule 12 of the Federal Rules of Civil Procedure. As a result, default was entered on July 27, 2011. On August 4, 2011, Walker filed this Motion seeking to set aside the default and to obtain leave to file a late answer and counter-claim. Walker explains that because Teachers Insurance had been communicating with her attorney regarding this matter, she assumed that her attorney also received a copy of the complaint and would handle it for her.

## II. Standard of Review

Rule 55(c) of the Federal Rules of Civil Procedure states that a court "may set aside entry of default for good cause." In assessing a motion to set aside an entry of default, a district court is to consider (1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) who bore responsibility for the default; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory action; and

(6) the availability of sanctions less drastic. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). Although the factors a court must consider in evaluating a motion to vacate entry of default under Rule 55(c) and a motion to vacate a default judgment under Rule 60(b) are identical, "the burden on a movant seeking relief under the two rules is not the same." *Colleton Preparatory Acad.*, 616 F.3d at 420. Namely, "Rule 60(b)'s 'excusable neglect' standard is a more onerous standard than Rule 55(c)'s 'good cause' standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality." *Id.* In short, "relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Id.* (internal quotation marks omitted). "Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

**III. Discussion**

As a general principle, this court is wary of entering default judgment in a suit for declaratory relief. By nature, a declaratory judgment action is jurisdictionally unique. I am uncomfortable with the idea of providing declaratory relief where the merits of a case have not been fully litigated. *See* RESTATEMENT 2D JUDGMENT § 33 (stating that a court "should not make a declaration upon default on the basis of the pleadings alone but should require the plaintiff to present enough evidence to warrant the granting of declaratory relief").

My concern about entering declaratory judgment by default is particularly pronounced in insurance disputes. When a declaratory judgment action is brought by an insurance carrier, the

suit may influence the way courts later interpret other identical policies. I do not believe that an individual insured's failure to respond in a given action is sufficient justification for a declaration that may later affect non-party policy holders. For this reason, I generally decline to enter default judgment in such cases when a party has appeared to oppose the default judgment. In such cases, I believe that less drastic sanctions are the more appropriate remedy.

Nonetheless, I will now apply the *Payne* factors to the facts of this case, keeping in mind that this action involves a motion to set aside only an *entry* of default; therefore, the finality interests associated with setting aside a default judgment do not apply. The first factor to consider is whether the moving party has asserted a meritorious defense to the action. In this case, the plaintiff has sought the following declarations regarding Teachers Insurance Policy Number 47-67265160:

> a) That Teachers made an effective offer of uninsured motorist coverage to the named insureds with limits of at least $100,000/$300,000/$50,000;
>
> b) That the named insureds elected, in writing, to purchase uninsured motorist coverage with policy limits of $25,000/$50,000/$25,000;
>
> c) That the named insureds made an intelligent and knowing rejection, in writing, of uninsured motorist policy limits higher than $25,000/$50,000/$25,000;
>
> d) That the limit of uninsured motorist coverage to which Gloria Walker is entitled from Teachers, if any, is $25,000; and
>
> e) That Teachers has acted in good faith and compliance with West Virginia law in all respects by promptly making an offer of its $25,000 uninsured motorist policy limits to Ms. Walker.

(Compl., at 6 [Docket 1]). Walker asserts that she has a meritorious defense to the declaratory judgment action and has attached a proposed answer to her motion setting forth that defense.

Further, she has provided copies of the forms used by the plaintiff to offer uninsured motorized coverage and claims that these forms do not comply with West Virginia Code § 33-6-31(d). Based on these facts, the court finds that this factor weighs in favor of vacating the entry of default.

The next factor to consider is whether the moving party acted with reasonable promptness. Here, default was entered on July 27, 2011. Walker received notice of the default on August 2, 2011. The Motion to Set Aside the Entry of Default was filed on August 4, 2011. The court therefore finds that Walker acted with reasonable promptness once she was notified that default had been entered.

Next, the court will consider who bore responsibility for the default. The defendant admits that she failed to take any action after she was properly served on June 30, 2011. She maintains that she believed her attorney, who had been handling her dispute with the plaintiff, would also have been served with a copy of the complaint and would continue to handle the matter for her. Nonetheless, it is the defendant herself who bears responsibility for the default in this case. This factor therefore weighs against vacating the entry of default.

The next factor to consider is whether there will be any unfair prejudice to the non-moving party if the default is vacated. Teachers Insurances has asserted that it would be prejudiced by the time and expense spent litigating the case. "In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad.*, 616 F.3d at 418. Further, "no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Id.* at 419. Therefore, the fact that Teachers Insurance

will have to spend time and money litigating if the default is vacated is not enough to demonstrate prejudice. This factor therefore weighs in favor of vacating the default.

Finally, the plaintiff has not asserted that Walker has a history of dilatory action. This factor therefore weighs in favor of vacating the default.

Having determined that at least four of the six factors weigh in favor of vacating the default, the court **ORDERS** that the Motion to Set Aside the Default and for Leave to File a Late Answer and Counterclaim [Docket 14] is **GRANTED** and the plaintiff's Motion for Entry of Default Judgment [Docket 20] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       January 11, 2012

                                  Joseph R. Goodwin, Chief Judge