IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TEACHERS INSURANCE COMPANY,

           Plaintiff,

v.                                  CIVIL ACTION NO.   2:11-cv-00397

CLARENCE O. PRATHER, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Gloria Walker's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket 24]. For the reasons provided below, this motion is **DENIED**.

**I.    Background**

On January 30, 2003, Teachers Insurance Policy 47-67265160 was issued to insure a 2001 Ford Escort owned by Clarence and Pamela Prather ("the Prathers"). The policy provided bodily injury liability coverage with limits of $25,000 per person and $50,000 per occurrence, and uninsured motorist coverage with policy limits of $25,000 per person and $50,000 per occurrence.

On June 23, 2010, defendant Gloria Walker was injured in a motor vehicle accident with an uninsured motorist while in the Prathers' insured vehicle. On or about December 28, 2010, Teachers Insurance tendered a $25,000 check to Walker in an attempt to settle her insurance claim. (Compl. at ¶ 15 [Docket 1]). Walker refused the offer and asserts that she is entitled to $100,000 of coverage pursuant to West Virginia Code § 33-6-31(b).

West Virginia Code § 33-6-31(b) requires insurance companies to make a commercially reasonable offer of uninsured motorist coverage with policy limits of $100,000 per person and $300,000 per occurrence. Walker contends that Teachers Insurance did not make such an offer and, therefore, she is statutorily entitled to uninsured motorist coverage of $100,000.

In response to Walker's contentions, Teachers Insurance filed suit against Walker and the Prathers on June 3, 2011. The plaintiff seeks the following declarations regarding Teachers Insurance Policy Number 47-67265160:

> a) That Teachers made an effective offer of uninsured motorist coverage to the named insureds with limits of at least $100,000/$300,000/$50,000;
>
> b) That the named insureds elected, in writing, to purchase uninsured motorist coverage with policy limits of $25,000/$50,000/$25,000;
>
> c) That the named insureds made an intelligent and knowing rejection, in writing, of uninsured motorist policy limits higher than $25,000/$50,000/$25,000;
>
> d) That the limit of uninsured motorist coverage to which Gloria Walker is entitled from Teachers, if any, is $25,000; and
>
> e) That Teachers has acted in good faith and compliance with West Virginia law in all respects by promptly making an offer of its $25,000 uninsured motorist policy limits to Ms. Walker.

(Compl., at 6 [Docket 1]).

Each of the named defendants was served with a copy of the complaint on June 30, 2011. However, none of the defendants filed an answer or made an appearance to defend themselves within the 21 days proscribed by Rule 12 of the Federal Rules of Civil Procedure. As a result, default was entered on July 27, 2011.

On August 4, 2011, Walker filed a Motion to Set Aside the Default and for Leave to File a Late Answer and Counterclaim [Docket 14]. Her proposed counterclaim is attached as an exhibit to this motion, and specifically seeks "an amount in excess of this court's jurisdictional limits." (Mot. for Leave to File Late Answer and Countercl., Ex. B, at 16 [Docket 14–1]). On January 11, 2012, this court granted Walker's motion and set aside the default. (Mem. Op. Order [Docket 24]).

Walker has filed the instant motion asserting that the court lacks subject matter jurisdiction over the case. Specifically, Walker asserts that the amount in controversy is exactly $75,000 and is therefore insufficient for federal jurisdiction.

## II. Discussion

A party seeking declaratory judgment must establish an independent jurisdictional basis for subject matter jurisdiction. *See, e.g.*, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950); *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 323–34 (4th Cir. 1937). In this case, the asserted jurisdictional basis for the case is 28 U.S.C. § 1332. The parties have not disputed that there is complete diversity; however, Walker asserts that the amount in controversy requirement is not met. Her position is that because she claims she is entitled to $100,000, while the plaintiff believes the policy is worth a maximum of $25,000, the amount in controversy is the difference between these two figures—exactly $75,000. Meanwhile, Teachers Insurance maintains that the amount in controversy is, at the very least, the $100,000 total Walker seeks to recover.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value or the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n.*, 432 U.S. 333, 347 (1977). In this case, the object of the litigation is a

declaratory judgment regarding the rights of the parties based on an insurance policy. Based on the underlying dispute, Walker seeks to recover $100,000 from Teachers Insurance. Further, she has asserted counterclaims in excess of the jurisdictional minimum. *See Hudson Const. Co. v. Dillingham Const. Co., Inc.*, 169 Fed.Appx. 769, 770–71 (4th Cir. 2006) (unpublished opinion) ("Although [the plaintiff] is seeking a declaration that it does not owe [the defendant] any money, the record makes clear that the amount involved in the underlying controversy exceeds $75,000. For example, [the defendant]'s counterclaims in this action allege . . . damages exceeding $250,000."); *Government Employee Insurance Co. v. Lally*, 327 F.2d 568, 568 (4th Cir. 1964) (finding that where an insured party claimed to be entitled to $30,000 under an insurance policy while the insurance company sought to limit its liability to $10,000, the amount in controversy was $30,000). Based on these facts, the court **FINDS** that the amount in controversy in this case is greater than $75,000.

For the reasons discussed above, I **FIND** that amount in controversy meets the requirement for diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, the Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 1, 2012

Joseph R. Goodwin, Chief Judge